**Administrative Remedy No. 1249658-A2**
**Part B - Response**

You appeal the decision of the Discipline Hearing Officer (DHO) regarding incident report #4128006, in which you were found to have committed the prohibited act of Code 199, Disruptive Conduct – Greatest Severity (most like Code 111A - attempting). You contest the finding of guilt and state a due process violation. You contend you requested the assistance of staff representation; however, the request was ignored. Also, you assert there is insufficient evidence to establish you committed the prohibited act in question. For relief, you request the DHO hearing be reconducted or the incident report be expunged and sanctions be restored.

Our review of your disciplinary proceedings reveal your DHO report adequately supports the decision rendered by the DHO. According to Program Statement 5270.09, Inmate Discipline Program, disciplinary procedures were substantially followed. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded an opportunity to request a staff representative and statements from witnesses. Although you contend you requested the assistance of staff representation, documentation in the form of Notice of Discipline Hearing Before the DHO (BP-294) form is on file reflecting you waived such right. This form appears to have your signature on it. It also reflects you waived your right to statements from witnesses. You were afforded the right to present a statement and submit documentary evidence. Any statements you made throughout the disciplinary hearing have been documented and you did not present any documentary evidence to be considered. The DHO's decision was based upon the evidence detailed in Section V of the DHO report, which includes the incident report of the reporting officer, a review of recorded phone calls, a review of Trulincs email correspondence, an SIS report, photographic evidence, a review of Sentry documentation, a request from you to obtain employment as a training center orderly, a review of information from an outside contact, the statement you made during the UDC hearing, and the statement you made to the DHO at the time of the DHO hearing. Although you may disagree, the DHO clearly documented the evidence used and reasoning as to why it was believed the elements of the offense were met. The sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Considering the foregoing, your appeal is denied.

May 4, 2025
Date

T. Barnett
Timothy Barnett, Administrator
National Inmate Appeals

GOVERNMENT EXHIBIT
H

10/7/25
DHO MA

U.S. Department of Justice
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: Ryan Grantham | 01327-509 | K4 | SST |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** I am challenging Region's response to Incident Report 4128006 on the basis of my non-involvement in the sanctioned violation, the lack of actual substantial evidence to charge me in the sanctioned violation; and the multiple Due Process violations of staff deliberately disregarding my application for a Staff Representative in which prejudiced me, with the intent of having the opportunity to properly present a defense to prove my non-involvement and innocence or total expungement of charges, reversal of sanctions imposed and an immediate change and placement to Out Custody status. See attached Incident Report, DHO Report and Region's Response for all relevant details.

**1. Charged While Never Being Involved**

The issue at hand is contraband being introduced between the SPC Berlin and FCI Berlin. Many players were involved. I was not one of those players and I maintained my innocence of the conduct charged throughout the investigative process and DHO proceedings. Within the investigation, my name was mentioned in the incident involving call attempts,

(See Continuation Page)

10-10-25
DATE

Ryan Gr
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
NOV 13 2025
Administrative Remedies
Federal Bureau of Prisons

E. Humphrey Delivered 12/5/25

RECEIVED
DEC 18 2025
Administrative Remedies
Federal Bureau of Prisons

DATE

GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY

CASE NUMBER: ______________

**Part C—RECEIPT**

CASE NUMBER: ______________

Return to: ______________

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: ______________

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Ryan Grantham 01327-509 Unit K4 SST

(Continuation Page)

and individuals talking about me. I was never involved in the violation charged, neither would I have wanted to be involved due to my intention to better myself through RDAP. Therefore, the only evidence I saw was uncoroborated statements by other inmates who had a reason to reduce their involvement by implicating others. I am being prejudicially sanctioned in this issue without involvement.

**2. Non-Substantive Evidence Used to Charge and Sanction**

I was charged and sanctioned for not only a violation of policy I wasn't involved in, but also the evidence used were the words of other inmates. Questions such as: What was I trying to introduce?, Have you seen me on camera giving or receiving contraband?, Are there any audio recordings or phone conversations from me talking about passing contraband?, What about phone logs, video logs; any actual, physical evidence to substantiate the claims from confidential informants? Using informant information alone is not enough. And the sole use of that method to find and prove guilt wouldn't hold weight in many types of legal proceedings.

**3. Staff Representative Requested But Never Appointed**

Within this entire issue lies the deliberate obstruction of my Due Process Right to prepare a full and proper defense. I was asked during the UDC interview if I would like a Staff Representative. I answered "yes." In the end I was never appointed one. If I had one appointed, I would have had help to understand the incident report charges and potential consequences, assistance by speaking and scheduling witnesses, obtaining written statements, and otherwise helping me prepare evidence for presentation at the DHO's hearing. During the DHO's hearing, I would have been entitled to have the staff representative appear and assist me in understanding the proceedings. The staff representative could have also assisted me in presenting evidence during the DHO hearing. (Adapted from P.S. 5270.09 §541.8(d)(2) attached). I could have also, with the staff representative, requested investigative reports; asked witnesses questions noted above; and challenged the validity of evidence and would have had a better opportunity to prove my non-involvement in this violation and my overall innocence. But by staff deliberately denying me appointment of a staff representative, I went to the hearing without knowledge of how the proceedings happen, what I was entitled to obtain and was left defenseless to the abusive whims of prison staff, who begin holding all the cards and ensuring a total conviction.

Therefore, I respectfully request Central Office order FCI Berlin's warden to reopen Case Number 4128006, reinvestigate the case, appoint me a staff representative in order to properly prepare a defense and allow me to challenge my case; or expunge Incident Report Number 4128006, restore all sanctioned privileges, return all forfeited GCT days, update and deliver me all documentation reflecting such changes.

12-52u

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 26, 2025

FROM: ADMINISTRATIVE REMEDY COORDINATOR
CENTRAL OFFICE

TO : RYAN GRANTHAM, 01327-509
SANDSTONE FCI UNT: 8 RDAP QTR: Z01-102LAD
P.O. BOX 999
SANDSTONE, MN 55072

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1249658-A1 CENTRAL OFFICE APPEAL
DATE RECEIVED : NOVEMBER 13, 2025
SUBJECT 1 : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2 :
INCIDENT RPT NO: 4128006

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR REGIONAL OFFICE ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR A COPY OF THE ~~(BP-10) RESPONSE FROM THE REGIONAL DIRECTOR~~.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

E, Humphrey Delivered 12/5/25

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number: 1249658-R3, IR# 4128006**

This is in response to your Regional Administrative Remedy Appeal received on September 9, 2025, regarding the decision of the Discipline Hearing Officer (DHO). You were found to have committed the prohibited act of Code #199, Disruptive Conduct, Most Like Code #111A, Attempted Introduction of Drugs or Alcohol. This incident report and subsequent DHO hearing was conducted while you were assigned to FCI Berlin. SIS staff conducted an investigation, and the investigation concluded you and several other inmates participated in the planning and execution of substantial amounts of contraband to be introduced into FCI Berlin and the Satellite Camp at Berlin. This investigation used reliable statements from confidential informants, staff memoranda, recorded telephone conversations, and other evidence as referenced in the investigation and DHO hearing. You appeal this decision stating you were not involved in the introduction of contraband, and you contend your due process rights were violated when you were not allowed to face your accusers, who were the confidential informants who assisted in the investigation. You request a video review be conducted which you believe would show you were not exhibiting signs of being under the influence of an unknown substance. You make no specific request for remedy.

The DHO considered the reporting officer's written statement, SIS investigation, staff memoranda, Trulincs recorded telephone calls, photographs, confidential informant statements, your statements to the investigator and at the Unit Discipline Committee hearing, and your subsequent statement to the DHO. The DHO determined based on the greater weight of the evidence you committed the prohibited act. The DHO report sufficiently addressed the reasons for making a finding of guilt. A review of records was conducted and the review revealed there was substantial evidence obtained to support the conclusion of the SIS investigation that you participated in the planning and coordination of the introduction of contraband. You offered no relevant evidence to defend yourself against the charges. When staff receive confidential informant information you are not allowed to confront the confidential informant. The discipline process was conducted in accordance with Program Statement 5270.09, Inmate Discipline Program.

Sanctions are imposed on a case-by-case basis. The DHO imposes sanctions they believe will express the severity of misconduct and will deter future misconduct. The sanctions imposed in your case are within the guidelines established in policy.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/29/25
Date

[signature]
Andre Matevousian, Regional Director

DHO Report 9/3/25

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GRANTHAM RYAN J | 01327-509 | K-4 | SANDSTONE
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** My appeal was rejected for not being filed in a timely manner. I left the [illegible] facility July 17, 2025. I filed my appeal in the first week of me receiving DHO report. I can't control when they send it out but I I left [illegible] on the 17th and it got there on the 28th that should show they didn't send it out when I [illegible] it to them. It shouldn't take more than 11 days for it to get there. My certified mail receipt for the[illegible] came back July 16th dated for the week prior. A R&D it was taken from me and I was told it would be forwarded to me because it came after mail was being sent out and I [illegible] to get [illegible] the bus that night. The response I got [illegible] was sent out Aug 25th I got it Sept 2nd which makes it impossible to get it back on the 10 day timeframe. I ask these things be considered as the date is showing in Response that was sent to me.

9-3-25
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
SEP 09 2025

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 1241658-R3

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ______

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)